UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| AARON MILLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV416-242 |
| | ) | |
| JOSE MORALES, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Aaron Mills is incarcerated at Coastal State Prison in the State of Georgia. Invoking 28 U.S.C. § 2254, he seeks dismissal of a Florida detainer[1] lodged against him and release from custody.

The Interstate Agreement on Detainers Act (IADA) is a congressionally sanctioned interstate compact which establishes a procedure for a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint" that is

---

[1] A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent. *See Cuyler v. Adams*, 449 U.S. 433, 436 n.3 (1981). Detainers generally are based on outstanding criminal charges, outstanding parole or probation-violation charges, or additional sentences already imposed against the prisoner. *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

the basis of a detainer lodged against him by another state. If the prisoner makes such demand, this section requires the authorities in the prosecuting state to bring the person to trial within 180 days, or that court must dismiss the indictment, information, or complaint, and the detainer will cease to be of any force or effect. The IADA requires a prisoner to "cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." IADA, art. III(a).

Mills' petition is deficient. First, he has filed for federal habeas relief in the district of his incarceration, which is the wrong venue. 28 U.S.C. § 1406(a). *See Carchman*, 473 U.S. at 722. Venue lies in the prosecuting state which lodged the detainer against him, Florida. Petitioner should refile his petition in either the Northern, Middle, or Southern District of Florida (*i.e.*, in the federal district where his state prosecution is pending).

Second, the IADA requires that written notice of the place of imprisonment and request for a final disposition be delivered through his custodian to the prosecuting officer in the receiving state. *Id.*, art. III(b).

2

It is unclear from the petition whether Mills followed these requirements, thereby bringing the 'timely trial' provisions of the IADA into play. Assuming he did so, it also is unclear whether the State of Florida failed to bring Petitioner to trial within the 180 day period required by the IADA. *See* doc. 2 at 10 (Georgia Department of Corrections letter dated February 8, 2016, acknowledging a detainer was filed against Mills). This information is necessary for relief to be granted by the Florida District Courts.

Accordingly, Petitioner Aaron Mill's habeas petition[2] should be **DENIED** without prejudice to his refiling in an appropriate venue.

**SO REPORTED AND RECOMMENDED,** this ___21st___ day of September, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] It is worth noting that remedies other than habeas relief may be available to Petitioner if he seeks to refile his case in a district court in the State of Florida. *See, e.g., Taylor v. Johns*, 2014 WL 5426885, at *2 (S.D. Ga. 2014) (observing that a petition for writ of mandamus is appropriate to compel a trial court to rule on a motion or petition within a reasonable time under Florida law). There is a split over the question of an IADA violation's cognizability on habeas, and it has been suggested that a sending State's failure can be better addressed through a suit under 42 U.S.C. § 1983 or a mandamus action. *See, e.g., Fex v. Michigan*, 507 U.S. 43 n.1 (1993). *See also Phillips v. Jarrell*, 281 F. App'x 885, 886 (11th Cir. 2008) ("[IADA] violations are not cognizable in habeas proceedings absent a showing that the violation prejudiced the rights of the accused by affecting or impugning the integrity of the fact-finding process").